IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITZ-CRAFT CORPORATION OF PENNSYLVANIA, INC. | : : : | Case No. 4:15-cv-02405 |
| Plaintiff, | : : | |
| v. | : : | (Judge Brann) |
| THE PRICE HOME GROUP, LLC | : : | |
| Defendant. | : | |

**MEMORANDUM**
July 13, 2016

Pending before this Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), to strike scandalous matter from the complaint, and to transfer the action pursuant to 28 U.S.C. § 1404(a). The motion filed by Defendant The Price Home Group, LLC (hereinafter "Price") against Plaintiff Ritz-Craft Corporation of Pennsylvania, Inc. (hereinafter "Ritz-Craft") seeks to dismiss Ritz-Craft's complaint in its entirety based on lack of subject-matter jurisdiction, or in the alternative, to transfer the action to the United States District Court for the District of New Jersey. Price also requests that the Court strike paragraph 17 of the complaint, together with an exhibit attached to the complaint. This Memorandum will only address Price's motion to transfer action. For the reasons discussed, the motion to transfer is granted and the action is transferred to the District of New Jersey.

1

## I. BACKGROUND

This case arises from an alleged breach of contract.[1] Following Hurricane Sandy in October 2012, federal and state lawmakers enacted laws providing federal and state grant money to severely impacted homeowners along the New Jersey shoreline. In April 2013, Ritz-Craft, a Pennsylvania corporation with its principal place of business in Mifflinburg, Union County, Pennsylvania, entered into a contract with Price, a limited liability New Jersey company with its principal place of business in Manahawkin, New Jersey. Price was designated as "distributor" and "dealer" of Ritz-Craft manufactured homes to customers exclusively within a 20-mile radius of Manahawkin, New Jersey.[2] These homes were part of Ritz-Craft's "Restore the Shore Collection," advertised as homes specifically designed for areas affected by Hurricane Sandy and were offered to victims of the storm on expedited build times.

Over the following two years, the relationship between the parties began to deteriorate. In September 2015, Ritz-Craft informed Price that it was terminating the parties' contract.

On November 6, 2015, Price's counsel forwarded to Ritz-Craft a letter entitled "Letter in the Nature of Settlement and Subject to Applicable Rules of

---

[1] As this Court is not addressing the motion to dismiss pursuant to 12(b)(1) and the motion to strike, the background facts discussed were gathered from the complaint and the parties briefs to Price's motion.
[2] The parties entered into a Builder's Agreement in 2013 and a second Builder's Agreement in 2014 following a change in ownership of Price.

Evidence."[3] In this letter, Price seeks clarification as to Ritz-Craft's decision to terminate the relationship and goes on to delineate a list of "defective products that were provided by" Ritz-Craft to Price's customers.[4] The list includes forty-nine family customers of Price and details the defects in each of their homes; it requests that the issues be resolved "amicably" and without the expense of litigation.[5]

Two weeks later, however, on November 19, 2015, a Price customer who had purchased a Ritz-Craft home filed an action in New Jersey Superior Court, Ocean County Law Division, against Price (hereinafter the "Gwin Action"). Price indicates that "Ritz-Craft will be impleaded into the Gwin Action shortly."[6] On December 10, 2015, new counsel for Price sent Ritz-Craft a second letter indicating that the firm had been retained by Price "to pursue certain claims it has against Ritz-Craft . . . as outlined in the letter . . . dated November 6, 2015."[7]

Four days later, Ritz-Craft filed the instant action in this Court. In its complaint, Ritz-Craft seeks a declaratory judgment, declaring the rights of the parties under the parties' contract.[8] Specifically, Ritz-Craft requests that this Court find that Price materially breached the parties' contract and that Ritz-Craft's termination of the contract was proper.[9]

---

[3] ECF No. 1-2 at 84. In its motion, Price seeks to strike this letter as settlement negotiations.
[4] *Id.* at 87.
[5] *Id.* at 87-91.
[6] ECF No. 10 at 9.
[7] ECF No. 9-6.
[8] ECF No. 1.
[9] *Id.*

On January 12, 2016, three weeks after the instant action was filed, Price filed a complaint against Ritz-Craft in New Jersey Superior Court, Ocean County Law Division; Ritz-Craft subsequently removed the action to the United States District Court for the District of New Jersey (hereinafter the "New Jersey Action").[10] The New Jersey Action alleges a breach of the parties' contract, violations of New Jersey statutory and common law, and seeks indemnity in the event that Price's customers are successful in establishing liability for the allegedly defective homes manufactured by Ritz-Craft.

## II. LEGAL STANDARD: CHANGE OF VENUE

Section 1404 of Title 28 of the United States Code provides that "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interest of justice."[11] District courts are afforded discretion to transfer an action if it is "warranted by the convenience of parties and witnesses and promotes the interest of justice" in order "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"[12] A motion to transfer is not to be liberally granted.[13] The plaintiff's

---

[10] Docket No. 3:16-cv-00668.
[11] 28 U.S.C. § 1404(a).
[12] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*citing Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 27 (1964)).
[13] *High River Ltd. Partnership v. Mylan Laboratories, Inc.*, 353 F. Supp. 2d 487, 491 (M.D. Pa. 2005) (*citing Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp. 2d 638, 640 (E.D. Pa. 2003)).

choice of venue "should not be lightly disturbed" and the burden of proving the need to transfer lies with the moving party.[14]

In considering a motion for transfer, a court must first find that the action could have properly been brought in the proposed forum.[15] The court must subsequently "balance several private and public interest factors weighing in favor of or against transfer."[16] While there is no definitive formula or list a court must contemplate, the following factors are generally considered:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.[17]

### III. DISCUSSION

Price argues that private and public interest factors weigh in favor of transfer. First, Price alleges that the matter could have been brought in New Jersey, and in fact was brought by Price in the New Jersey Action. Price argues that that it

---

[14] *Measurement Specialties, Inc.,* 275 F. Supp. 2d at 640 (*citing Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 878 (3d Cir. 1995)).
[15] 28 U.S.C. § 1404(a); *see also Van Dusen*, 376 U.S. at 621.
[16] *High River Ltd.*, 353 F. Supp. 2d at 492.
[17] *Id.* (*citing Jumara*, 55 F.3d at 879-80).

is a New Jersey limited liability company exclusively catering to New Jersey residents. It further contends that the operative facts giving rise to the underlying litigation occurred in New Jersey, including the alleged breach of contract. Consequently, the majority of witnesses to be deposed are in New Jersey and much of the evidence, including Price's financial records and the homes constructed by Ritz-Craft, are in New Jersey.

Price next alleges that Ritz-Craft faces no hardship in litigating this matter in New Jersey because it is "certain" that Ritz-Craft will have to defend actions in New Jersey brought on behalf of Price's customers who purchased Ritz-Craft homes. Price alleges that Ritz-Craft may be subject to litigation by up to forty-nine families, and will already be subject to litigation in the pending Gwin Action once it is joined by Price as a defendant.

Lastly, Price argues that the courts of New Jersey have an interest in presiding over local controversies. It contends that the subject of the contract at issue was the buying and selling of prefabricated homes sold to New Jersey residents whose homes were lost or damaged by Hurricane Sandy. These homes were largely purchased, as noted above, with federal and New Jersey state grant

funds. Therefore, a court in New Jersey would consequently have a strong interest in deciding the matter.[18]

Ritz-Craft argues, conversely, that, pursuant to the "first-filed rule," this Court should hear the merits of this case because the instant action was filed prior to the filing of the New Jersey Action. It contends that, as the plaintiff, its choice of forum should prevail. Ritz-Craft also contends that "a significant amount of evidence and witnesses" are in Pennsylvania and that this Court has a "local interest in determining a dispute with a Pennsylvania company."[19]

### A. The first-filed rule is inapplicable to the matter at hand.

Ritz-Craft argues that this Court should deny Price's motion to transfer based on the first-filed rule, as adopted by the United States Court of Appeals for the Third Circuit. The first-filed rule states that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."[20] "[T]he rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments."[21]  The rule

---

[18] In the New Jersey Action filed by Price, Price raises a claim under New Jersey's Franchise Practices Act, a claim that presumably would be brought as a counterclaim in the instant case if it were to remain in this District. In its papers, however, Ritz-Craft points to a choice-of-law provision in the contract indicating that Pennsylvania law governs any actions brought under the contract. The applicability of the choice-of-law provision is not a matter for this Court to decide. This provision is not a forum selection clause and, therefore, is not relevant to the discussion on choice of venue. Accordingly, the claim arising under New Jersey law, together with the applicability of the choice-of-law provision is left to the District of New Jersey to decide.
[19] ECF No. 11.
[20] *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (*citing Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir. 1941)).
[21] *E.E.O.C.*, 850 F.2d at 977 (*citing Church of Scientology of Ca. v. U.S. Dept. of Army,* 611 F.2d 738, 750 (9th Cir. 1979)).

effectively "promotes comity among federal courts of equal rank"[22] and provides guidance to federal courts as to "the orderly administration of justice."[23]

The first-filed rule, however, is not inflexible.[24] Courts have discretion to retain jurisdiction in some, albeit rare, circumstances.[25] The first-filed rule "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances . . ."[26] The following exceptions have been recognized:

> (1) the existence of rare or extraordinary circumstances; (2) the first-filer engaged in inequitable conduct; (3) he acted in bad faith; (4) he engaged in forum shopping; (5) the later-filed action has developed further than the first-filed action; and (6) the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in a less favorable forum.[27]

Price argues that the first-filed rule is inapplicable to the matter at hand because Price has requested a transfer of venue under 28 U.S.C. § 1404, not under Federal Rule of Civil Procedure 12(b)(3), to which the first-filed rule clearly applies. The Third Circuit, however, has not expressly held that the first-filed rule only applies to transfer motions filed pursuant to Rule 12(b)(3). Regardless, courts

---

[22] *Id.* at 971.
[23] *Sinclair Cattle Co., Inc. v. Ward*, 80 F. Supp. 3d 553, 559 (M.D. Pa. 2015) (citing *Koresko v. Nationwide Life Ins. Co.,* 403 F. Supp. 2d 394, 400 (E.D. Pa. 2005)).
[24] *Id.* at 558.
[25] *Id.* (citing *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson,* 1999 WL 592399, at *2 (E.D. Pa. Aug. 5, 1999).
[26] *E.E.O.C.*, 850 F.2d at 972.
[27] *Sinclair Cattle Co., Inc.*, 80 F. Supp. 3d at 559 (*citing Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013).

typically proceed with analyzing whether to transfer under 28 U.S.C. § 1404, even after deciding whether or not to apply the first-filed rule.[28]

Accordingly, this Court finds that the first-filed rule is inapplicable to the instant matter as falling within the recognized exceptions to the rule. The letter sent to Ritz-Craft by Price's counsel a few weeks after the Gwin Action was commenced provided notice to Ritz-Craft that Price would be pursuing legal claims against it.[29] While the letter did not specify in which court the action would be filed, Ritz-Craft likely knew or should have known that Price's action would be filed in New Jersey, considering the near certainty of litigation in New Jersey filed by the homeowners referenced in the letter sent to Ritz-Craft even before the Gwin Action was commenced.[30] Ritz-Craft commenced this action only four days after it was informed of Price's intention to pursue legal claims against it, indicating that Ritz-Craft instituted the instant suit in this forum in anticipation of Price's suit in an arguably less favorable forum to Ritz-Craft's interests.

**B. The interests of justice require that this action be transferred to the District of New Jersey.**

As stated above, in considering whether to transfer an action pursuant to 28 U.S.C. § 1404(a), a court must first determine whether the action could have been

---

[28] *See Sinclair Cattle Co., Inc.*, 80 F. Supp. 3d at 564; *see also CollegeSource, Inc. v. AcademyOne, Inc.*, 597 Fed. Appx. 116, 122 (3d Cir. 2015); *AVCO Corp. v. Marvel-Schebler Aircraft Carburetors, LLC*, 2011 WL 484186, *3 (M.D. Pa. February 7, 2011) (finding the first-filed rule inapplicable but nevertheless finding transfer to the Middle District of North Carolina appropriate).
[29] ECF No. 9-6.
[30] *See* ECF No. 1-2 at 84.

brought in the proposed forum. Pursuant to 28 U.S.C. § 1391, an action may be brought in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[31]

Price, the sole defendant, is a New Jersey limited liability company. Price alleges that it has never transacted any business or provided any services in Pennsylvania and serves New Jersey residents exclusively. Consequently, this action could have properly been brought in the District of New Jersey under 28 U.S.C. § 1391(b)(1).

Likewise, after considering the factors outlined in *High River Ltd.*,[32] this Court concludes that this matter must be transferred to the District of New Jersey. I recognize that some of the factors weigh equally between the two forums. Ritz-Craft is a Pennsylvania company; therefore, this Court does have some interest in hearing the matter. Ritz-Craft, however, entered into a contract with a New Jersey

---

[31] 28 U.S.C. § 1391(b).
[32] 353 F. Supp. 2d at 492.

company for the sale of homes exclusively in New Jersey, to New Jersey residents. This contract was entered into after a devastating hurricane destroyed or damaged homes in New Jersey. In fact, the homes manufactured by Ritz-Craft were marketed exclusively to Ocean County, New Jersey residents through its "Restore the Shore" line. Many of these homes were purchased by these affected residents with federal and New Jersey state funds.

Additionally, the underlying action arises from an alleged breach of contract stemming from events occurring substantially in New Jersey. Ritz-Craft's action centers on Price's alleged inability to "complete some of the homes it had under contract," "return the customer deposits for homes it could not complete," and "honor its commitments . . . under the contractual arrangements between Price and its customers."[33] These customers were solely in New Jersey. While Ritz-Craft also argues that a "large part" of the activity occurred in Pennsylvania, the only activity it points to is the actual manufacture of the homes.[34]

Finally, litigation concerning the parties and the subject of the parties' contract at issue in this action is pending in New Jersey Superior Court, Ocean County Law Division. There is the potential for additional litigation that would surely be filed in New Jersey. In sum, and for the reasons discussed above, I believe that a New Jersey court is better situated to hear the matter at hand.

---

[33] ECF No. 1 at ¶¶ 23-25.
[34] *Id.* at ¶ 9.

## IV. CONCLUSION

In accordance with the foregoing analysis, Price's motion to transfer venue is granted and the action is transferred to the District of New Jersey.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge